753 F.2d 976
 Bankr. L. Rep. P 70,276
Fred W. GARVER, Trustee in Bankruptcy for ATLAS INDUSTRIES,
INC. and Ajax-Atlas Manufacturing Corp.,
Plaintiffs-Appellees,
v.
N.L. BASSFORD; Orin H. Parker, Jr.; Jesse M. Bassford,
Guardian of David D. Bassford, and A Certain 2.38
Acre Tract of Land in Crisp County, Ga.,
Defendants-Appellants.
 No. 84-8554
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 21, 1985.
 
 John T. McTier, Valdosta, Ga., for defendants-appellants.
 Lawrence W. Roberts, Cordele, Ga., Mark A. Center, Indianapolis, Ind., for plaintiffs-appellees.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before RONEY, FAY and JOHNSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this Chapter XI bankruptcy case, the district court held that a bankruptcy trustee may recover the value of goods transferred by a debtor in possession after the petition was filed, even though the transferee had no knowledge that the debtor had filed for bankruptcy, where the transfer was made to satisfy a pre-petition debt and was made without court authority. We affirm.
 
 
 2
 Atlas Industries and Ajax-Atlas Manufacturing Corp. (Ajax-Atlas), affiliated corporations selling pre-fabricated buildings, on March 26, 1979, filed a petition for an arrangement under Chapter XI of the Bankruptcy Act of 1898, as amended. Prior to that date, defendants Bassford and Parker, in the business of constructing commercial buildings, made monetary advances on a project where Ajax-Atlas failed to supply steel as contracted. Defendants agreed to purchase the steel elsewhere, with the understanding that they would be reimbursed by Ajax-Atlas in the future by its supplying building materials to the defendants at little or no cost.
 
 
 3
 While defendants were unaware of the bankruptcy petition, because the President of Ajax-Atlas, Cecil Thompson, purposefully failed to inform them of that fact, Thompson, as debtor in possession, agreed to sell defendants a building for $40,000, even though the purchase order indicates the building's value was $51,663.77, and delivered $18,064.82 worth of materials from Ajax-Atlas at no cost. The value of the materials and the difference in the building purchase price equalled $29,728.59, the sum of the judgment rendered against defendants by the trial court on the trustee's suit to recover that value.
 
 
 4
 Defendants claim that the intentional fraud of Ajax-Atlas' president in concealing for more than four months the fact that a Chapter XI proceeding had been filed provides a "sound reason" for not strictly applying the set-off provision of the Bankruptcy Act, which does not permit pre-petition debts from being set off against post-petition transfers. Bankruptcy Act, Sec. 68, 11 U.S.C.A. Sec. 108 (1976) (superseded). See e.g., In re Diamond Reo Trucks, Inc. v. LeBeau Bros., 3 Bankr.Ct.Dec. (CRR) 45 (Bankr.W.D.Mich.1977); 4 Collier on Bankruptcy at 870 (14th ed. 1978). There is no mutuality between pre-petition debts and post-petition credits as required for set-off by Sec. 68, which provides:
 
 
 5
 In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid.
 
 
 6
 Even had there been mutuality, a set-off may not be made without the prior approval of the bankruptcy court. Susquehanna Chemical Corp. v. Producers Bank & Trust Co., 174 F.2d 783, 787 (3d Cir.1949). No approval was sought or given by the bankruptcy court here.
 
 
 7
 Admitting they have no legal authority for their position, defendants argue that the trustee should be "estopped" from asserting a claim against defendants because of the fraud of the debtor in possession in intentionally not notifying them of the petition, and that the district court should have applied equitable principles to fashion relief for defendants.
 
 
 8
 First, the district court found that no real prejudice or harm had been asserted. Something more than speculative damage must be alleged before a district court could disregard the clear letter of the law and fashion equitable relief. Cf. In Re Souras, 19 B.R. 798, 801 (Bkrtcy.E.D.Va.1982), citing In Re Callahan, 3 Bankr.Ct.Dec. (CRR) 501, 502 (Bankr.Or.1977).
 
 
 9
 Second, the district court found that even if Thompson's behavior was fraudulent, any resulting prejudice to defendants would have been in their capacity as creditors and not as post-petition debtors to Ajax-Atlas. Defendants' status as debtors is distinct from their status as creditors.
 
 
 10
 Finally, to give defendants a set-off in this matter would be manifestly unfair to the other creditors of Ajax-Atlas. Just because defendants may have suffered an initial disadvantage in their late notice of the petition does not mean they should receive a $29,000 windfall. The reason for section 68's requirement that the Bankruptcy Court give the debtor in possession authority prior to allowing a set-off is to prevent depletion of assets that would otherwise be available to fund a Chapter XI Plan.
 
 
 11
 This case is similar to In re Diamond Reo Trucks, Inc. v. LaBeau Bros., 3 Bankr.Ct.Dec. (CRR) 45 (Bankr.W.D.Mich.1977). There, a corporation was owed $23,000 from a pre-petition debt by Diamond Reo, a truck dealer. An agreement was made prior to the bankruptcy petition whereby the corporate creditor would "purchase" a $26,000 truck for $3,000 to make up the $23,000 debt. As in the instant case, the agreement was pre-petition while delivery of the goods and check were post-petition. There too, the creditor was not told that a petition had been filed by the debtor, and the creditor claimed that because of that a set-off should be allowed. The court ordered the creditors to reimburse the estate for the $23,000 differential between the truck value and purchase price. The court noted:
 
 
 12
 This was not an ordinary transaction of the debtor corporation, it resulted in a depletion of the assets that would have been available for the funding of the Chapter XI Plan and, as it turned out, the funds available for the general creditors in the liquidating bankruptcy.
 
 
 13
 Id. at 48.
 
 
 14
 Defendants suggest the creditor in Diamond Reo knew of the petition "a week or two" after the petition, and that there was "no hint of fraud" in Diamond Reo. The length of the delay in Diamond Reo is irrelevant. The delay in the instant case, although longer, did not prejudice the defendants. As for fraud, the debtor in possession in Diamond Reo agreed to the truck "sale" within an hour or so of filing his petition without ever mentioning the petition to the creditor he was negotiating with, the same kind of fraud asserted in this case.
 
 
 15
 We have considered the other arguments made in this case and find them without merit. The district court correctly denied any equitable relief from the strict provisions of the bankruptcy law and granted the trustee's motion for summary judgment.
 
 
 16
 AFFIRMED.